THE STATE, EX REL. CITIES SERVICE OIL COMPANY,
APPELLEE, *v.* ORTECA, BLDG. COMMR., ET AL., APPELLANTS.

[Cite as State, ex rel. Cities Service, v. Orteca (1980),
63 Ohio St. 2d 295.]

(No. 79-1451—Decided July 30, 1980.)

*Messrs. Class, Ketchel & Lawrence* and *Mr. Edwin J. Ketchel,* for appellee.

*Mandanici & Domiano Co., L.P.A., Mr. Joseph C. Domiano, Mr. Nick A. Mandanici* and *Mr. Ross S. Cirincione,* for appellants.

*Per Curiam.*  Appellants initially contend that the Court of Appeals lacked jurisdiction to entertain appellee's "Motion for Supplemental Order." We have held, however, that "[t]he power of a court to enforce its own proper orders is fundamental and inherent, as well as constitutional; necessarily so, to give it standing and afford respect and obedience to its judgment. This is upon the broad ground of public policy, and without which power the judicial edifice would fall." *Wind* v. *State* (1921), 102 Ohio St. 62, 64. We are of the opinion that the Court of Appeals had jurisdiction to entertain this action for a supplementary writ as a means of enforcing its prior order. Appellants' contention is without merit.

In their second proposition of law, appellants assert, in essence, that the writ of mandamus is not available to control the discretion of public officials, and that the court below erred in ordering appellants to perform the discretionary act of issuing a building permit for a use not permitted by the applicable zoning ordinance. We agree.

Following the issuance of the initial writ by the Court of

Appeals, appellee's second application for a building permit was submitted to the city planning commission. Subsequent to the holding of hearings on the matter, the planning commission determined that appellee would be required to secure a new special use permit before a building permit could issue. The commission then approved the granting of a special use permit subject to certain conditions.

Appellants were in compliance with the initial order of the Court of Appeals when they processed appellee's application for a building permit in the manner mandated by that court. Appellants were also acting properly in requiring appellee to procure a new special use permit before permitting the erection of a structure which would not comply with the zoning regulations applicable to the parcel at issue.

The Court of Appeals, however, held that appellants could not validly require a new special use permit as a precondition to the issuance of a building permit. The court reasoned that the contemplated use of the parcel did not differ substantially from the existing use, and that the special use permit granted to appellee's predecessor in interest would permit appellee to erect a new structure on the parcel.

In response to the city's argument that special use permits are personal to the applicant, the court below held that appellants were estopped from asserting the change in ownership of the property. This theory of estoppel was premised upon the fact that, although the original special use permit was issued to appellee's predecessor in interest, the city subsequently issued a building permit to appellee for the present automotive service station. We cannot agree with this analysis.

In the first instance, we believe that there would be a significant change in the nature of the use of appellee's property if appellee were granted the requested building permit. The mere fact that the city had previously acquiesced in the establishment of an automotive service station does not now entitle appellee to establish a grocery facility on the premises in the absence of the issuance of a new special use permit.

Further, we believe that the Court of Appeals incorrectly applied the doctrine of equitable estoppel in this cause. Assuming *arguendo* that a municipality can be estopped from asser-

ting non-compliance with its zoning ordinances under certain circumstances, there was no showing in this cause of the elements which are requisite to the invocation of the doctrine of equitable estoppel.

Equitable estoppel precludes a party from asserting certain facts where the party, by his conduct, has induced another to change his position in good faith reliance upon that conduct. See *London & Lancashire Indem. Co.* v. *Fairbanks Steam Shovel Co.* (1925), 112 Ohio St. 136, 152; *Russell* v. *Fourth Natl. Bank* (1921), 102 Ohio St. 248, 269-70. In this cause, there is no evidence that the conduct of the city in granting appellee a building permit in 1964 induced appellee to change its position with respect to the currently proposed modification of the property. Because no detrimental reliance is shown upon the record, the Court of Appeals erred in estopping appellants from asserting the personal nature of a special use permit.

In sum, we believe that the city may validly require appellee to procure a new special use permit as a condition precedent to the issuance of a building permit. Thus, appellants did not abuse their discretion in this regard.

Next, we must decide if the Court of Appeals erred in finding city ordinance No. 1976-150 unconstitutional. Appellants contend that the enactment of the ordinance is a valid exercise of the city's powers of local self-government pursuant to Section 3, Article XVIII of the Ohio Constitution. Ordinance No. 1976-150 was enacted "* * *for the preservation of the public peace, health, safety, and welfare of the city* * *." The stated purpose of the ordinance makes clear that it was enacted as an exercise of the police powers of the city. Thus, the ordinance must be stricken if found to be in conflict with a state general law. Section 3 of Article XVIII. "In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa." *Struthers* v. *Sokol* (1923), 108 Ohio St. 263, paragraph two of the syllabus. There is such a conflict here between ordinance No. 1976-150 and R. C. 3741.141. Therefore, the ordinance is void and unenforceable.

We hold that appellants may require appellee to comply with the valid conditions imposed by the terms of the special use permit. We further hold, however, that the requirement

that appellee operate a full-service gasoline station is an invalid condition, in that it conflicts with R. C. 3741.141. Insofar as appellee has not established a clear legal right to a building permit at this time, the judgment of the Court of Appeals is hereby reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, SWEENEY and HOLMES, JJ., concur.

P. BROWN, J., concurs in part and dissents in part.

LOCHER, J., concurs in the judgment.

PAUL W. BROWN, J., concurring in part and dissenting in part. Although mandamus is normally used to compel the exercise of discretion and not to control it, an exception is recognized to prevent an abuse of discretion. *Bd. of Education of Sycamore* v. *State, ex rel. Wickham* (1909), 80 Ohio St. 133. The Court of Appeals found that appellants abused their discretion regarding appellee's building permit applications and that appellants failed to comply with the first order of the Court of Appeals.

There is ample evidence in the record which demonstrates that the appellants never properly considered appellee's building permit application. The majority opinion, in effect, overlooks appellants' behavior during the lengthy period of time in the processing of appellee's application. I would affirm the Court of Appeals since there was an abuse of discretion on the part of appellants and, therefore, mandamus lies to prevent the further abuse of that discretion.