Michael and Patricia Hutchinson appeal from the summary judgment of the Montgomery County Common Pleas Court entered in favor of defendants, Frank Wenzke, M.D., Roger Wittum, M.D., Cardiology South, Inc., Mark Debard, M.D., Gem City Emergency Associates, Inc., Hans Zwart, M.D., Hans Zwart, M.D., and Associates, Inc., Jane K. Hopkins, Executrix of the Estate of Gilbert Hopkins, M.D., Mary M. Baujan, Executrix of the Estate of George E. Baujan, M.D., and Brandt Medical Associates, Inc. and St. Elizabeth's Medical Center.
This litigation began on January 22, 1993 when the Hutchinsons filed a timely complaint alleging medical malpractice against the above mentioned defendants. On January 20, 1994, the Hutchinson's filed a notice of voluntary dismissal of their complaint pursuant to Civ.R. 41(A)(1)(a). On January 13, 1995, the Hutchinsons filed a second identical complaint against all the defendants except Dr. Wittum and St. Elizabeth's but the action was mutually dismissed by stipulation of all parties on November 3, 1995 pursuant to Civ.R. 41(A)(1)(b). The stipulation provided the dismissal was "without prejudice to refiling and otherwise than upon the merits." (emphasis ours)
On November 4, 1996, the Hutchinson's refiled their complaint against the defendants. The defendants answered and asserted among other defenses, the statute of limitations. Subsequently, the defendants moved for summary judgment asserting the Hutchinson's refiled complaint was barred by the statute of limitations. They argued that the plaintiffs had already relied on the "savings clause" in R.C. 2305.19 in filing the second complaint within one year of the voluntary dismissal. They argued the Hutchinson's were barred from using the savings clause twice.
In granting summary judgment to the defendants, the trial court held the plaintiffs were prevented from utilizing the savings clause of R.C. 2305.19 for a second time relying onHancock v. Roger (1995), 103 Ohio App.3d 266, 268-69.
The Hutchinson's timely appealed and assert two assignments of error. In the first assignment of error, the appellants contend that the trial erred in holding that the savings clause of R.C. 2305.19 can only be used once even when the second voluntary dismissal was a stipulated dismissal pursuant to Civ. R. 41(A)(1)(b). In the second assignment, appellants contend the trial court erred in refusing to hold that as a matter of law the defendants were equitably estopped from asserting the defense of the statute of limitations. Because the second assignment raises an issue which is dispositive of this appeal, we will address it first.
Appellants argue that the trial court should have ruled that the defendants were equitably estopped from arguing that the plaintiffs' second refiled complaint was not timely filed because they had stipulated that the plaintiffs could dismiss the second filed complaint "without prejudice to refiling."
The appellees argue that this argument was not raised in the trial court and therefore the appellants' are precluded from raising that argument in this court. In reviewing the plaintiffs' memoranda filed in opposition to the defendants' summary judgment motion, we note that plaintiffs argued the following:
 The granting of Defendants' motion would also make a mockery of the fact that they AGREED that the action that was being dismissed COULD BE REFILED pursuant to the express terms of their stipulation. Their argument should not be allowed.
We believe plaintiffs' argument in the trial court sufficiently alerted the trial court that the defendants should be equitably estopped from asserting that the third complaint was filed beyond the limitations period as extended by R.C.2305.19.
Equitable estoppel precludes a party from asserting certain facts where the party, by his conduct, has induced another to change his position in good faith reliance upon that conduct.State ex rel. Cities Serv. Oil Co. v. Orteca (1980), 63 Ohio St.2d 295,299. The purpose of equitable estoppel is to prevent actual or constructive fraud and to promote the ends of justice. Ohio State Bd. of Pharmacy v. Frantz (1990), 51 Ohio St.3d 143,145.
 A prima face case for equitable estoppel requires a plaintiff to prove four elements: (1) that the defendant made a factual misrepresentation; (2) that it is misleading; (3) induces actual reliance which is reasonable and in good faith; and (4) which causes detriment to the relying party. Doe v. Blue Cross/Blue Shield of Ohio (Franklin 1992), 79 Ohio App.3d 369, 379.
In Turner v. C F Products Co., Inc. et al. (September 28, 1995), Franklin App. 95 APE 02-175, unreported, the Franklin Court of Appeals, in a case virtually identical to the facts of this case, held that it was "plain error" for the trial court not to consider whether the defendants were equitably estopped from asserting that the statute of limitations had expired before a third complaint was filed when the defendants stipulated that the second dismissal was done "without prejudice to the refiling of the same."
The defendants made a factual representation to the plaintiffs that they could dismiss their complaint without prejudice to refiling it. That representation was clearly misleading as they now claim the plaintiffs may not refile that complaint. The plaintiffs obviously relied on that representation and there was nothing unreasonable about that reliance. The plaintiffs relied on the defendants' representations and refiled within one year of their second dismissal in their belief that the savings clause permitted the refiling. The trial court's action in dismissing the complaint provided the necessary detrimental reliance.
The appellants second assignment of error is Sustained. The first assignment of error is moot. See App.R. 12(a). The judgment of the trial court is Reversed and Remanded for further proceedings.
FAIN, J., and GRADY, J., concur.
Copies mailed to:
Raymond DeLevie Robert F. Cowdrey Patrick Adkinson Paul w. McCartney John B. Welch Hon. David Sunderland