ROMINE, Appellant,

v.

OHIO STATE HIGHWAY PATROL, Appellee.

[Cite as *Romine v. Ohio State Hwy. Patrol* (2000), 136 Ohio App.3d 650.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–657.

Decided Feb. 24, 2000.

*James H. Banks,* for appellant.

*Betty D. Montgomery,* Attorney General, *Susan M. Sullivan* and *Lisa M. Donato,* Assistant Attorneys General, for appellee.

Brown, Judge.

William G. Romine, Sr., plaintiff-appellant, appeals the May 12, 1999 judgment of the Court of Claims of Ohio, which granted the motion for summary judgment in favor of Ohio State Highway Patrol ("OSHP"), defendant-appellee.

Appellant is the father and administrator of the estate of Robert Lee Romine, who died allegedly as a result of positional asphyxia, on June 17, 1992, while in the back of an OSHP car. In August 1993, appellant filed an action against various county and municipal law enforcement officials in the United States District Court, Southern District of Ohio, based upon the events, which occurred June 17, 1992. In this suit, appellant specifically named Lora K. Adams as defendant, "in her individual capacity and/or as Trooper of the Ohio State Highway Patrol." Appellant requested damages pursuant to Sections 1983, 1985, and 1986, Title 42, U.S.Code, as well as compensatory damages, punitive damages, and attorney fees. On March 22, 1995, after dismissing appellant's federal law claims, the United States District Court dismissed without prejudice appellant's state law claims for wrongful death due to lack of subject matter jurisdiction over such claims.

On March 13, 1996, within one year of the dismissal of the action in federal court, appellant refiled his suit in the Delaware County Court of Common Pleas. In his complaint, he again named various county and municipal law enforcement officials, including Lora K. Adams "in her individual capacity and/or as Trooper of the Ohio State Highway Patrol." The Ohio Attorney General made a limited appearance before the court and moved to dismiss the complaint against Adams based upon insufficient service of process. On December 29, 1997, the Delaware County Court of Common Pleas dismissed appellant's complaint against Adams for insufficient service of process pursuant to Civ.R. 4(E). All of the other defendants in that action were also dismissed either by way of summary judgment or by voluntary dismissal. Appellant appealed the trial court's decision, and in *Romine v. Decker* (Oct. 8, 1998), Delaware App. No. 98CAE01006, unreported, 1998 WL 751689, the Delaware County Court of Appeals affirmed the trial court's dismissal.

On December 7, 1998, appellant filed his present action in the Court of Claims. In his complaint, appellant named for the first time the state of Ohio. Appellant also named Lora K. Adams, "individually and/or as Agent of the state of Ohio, Ohio State Highway Patrol." On January 6, 1998, OSHP filed a motion for summary judgment asserting that appellant's complaint was barred by the statute of limitations and that appellant was not able to utilize the savings statute in filing his complaint in the Court of Claims. On May 12, 1999, the Court of Claims granted OSHP's motion for summary judgment. Appellant appeals the judgment, asserting the following assignment of error:

"The trial court erred to the prejudice of plaintiff–appellant in granting summary judgment on the issue of statute of limitations."

■ On appeal from the granting of summary judgment, our review is *de novo*. The same standard as articulated in Civ.R. 56 is applied on appeal to determine

whether summary judgment was appropriate. *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 271, 424 N.E.2d 311, 314–315. Under Civ.R. 56, summary judgment is appropriate only when the movant demonstrates that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Civ.R. 56(C); *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. Summary judgment is not to be rendered unless it appears from the evidence that "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." Civ.R. 56(C). The nonmoving party is entitled to have the evidence construed most strongly in his or her favor. Civ.R. 56(C); see, also, *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 66 O.O.2d 311, 309 N.E.2d 924. The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying the portions of the record that established the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264, 273–274.

■ OSHP asserts that appellant's claim in the Court of Claims was barred by the two-year statute of limitations and that appellant is not entitled to invoke the one-year "savings clause" contained in R.C. 2305.19 because he already invoked it once in filing his action in the Delaware County Court of Common Pleas. Appellant presents little argument that R.C. 2305.19 does not apply to preclude him from refiling his action in the present case; however, appellant claims that OSHP should be equitably estopped from asserting the statute of limitations defense. R.C. 2305.19 provides:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date."

■ Appellant has filed the identical case three times in three different courts. His first complaint was timely filed in federal court. Appellant's wrongful death claims pursuant to state law were dismissed without prejudice by the federal court. That dismissal constituted a failure of the case otherwise than upon the merits, thereby invoking the savings statute. The second complaint was filed within one year of the dismissal of the first complaint. Thus, the second complaint met the requirements of the savings statute. The dismissal of the second complaint pursuant to Civ.R. 4(E) by the Delaware County Court of Common Pleas also constituted a failure otherwise than upon the merits within

the meaning of the savings statute. After the second complaint was dismissed, appellant filed the third complaint in the Court of Claims. The third complaint was brought in the Court of Claims within one year after the dismissal of the second complaint in Delaware County.

■ In *Hancock v. Kroger Co.* (1995), 103 Ohio App.3d 266, 659 N.E.2d 336, this court held that "a case may only be extended by virtue of R.C. 2305.19 for one year after the initially filed action fails otherwise than upon the merits." *Id.* at 269, 659 N.E.2d at 338. Thus, the savings statute may be used only once to invoke an additional one-year time period in which to refile an action. *Id.;* see, also, *Stover v. Wallace* (Feb. 15, 1996), Franklin App. No. 95APE06–743, unreported, 1996 WL 70991 (citing *Hancock, supra* ). Numerous other courts have also followed this reasoning. See *Nagy v. Patterson* (Nov. 9, 1994), Lorain App. No. 94CA005837, unreported, 1994 WL 619797; *Gailey v. Murphy* (Feb. 24, 1993), Summit App. No. CA15805, unreported, 1993 WL 46647; and *Seawright v. Zabell* (Apr. 27, 1989), Cuyahoga App. No. 55232, unreported, 1989 WL 42251.

In *Turner v. C. & F. Products Co., Inc.* (Sept. 28, 1995), Franklin App. No. 95APE02–175, unreported, 1995 WL 578120, this court found that "nothing in R.C. 2305.19 provides a plaintiff the opportunity to dismiss and refile a complaint any number of times as long as a plaintiff's first complaint is filed within the time limits prescribed by the statute of limitations. R.C. 2305.19 may not be relied upon to keep a cause of action alive indefinitely." *Id.* Therefore, based on the authority of this court's decisions in *Hancock, Stover,* and *Turner,* appellant was not entitled to utilize the savings statute again after the dismissal of his second complaint.

■ However, appellant argues that OSHP should be equitably estopped from asserting the statute of limitations defense. A prima facie case for equitable estoppel requires a plaintiff to prove four elements: (1) that the defendant made a factual misrepresentation, (2) that it is misleading, (3) that it induces actual reliance that is reasonable and in good faith, and (4) that it causes detriment to the relying party. *Doe v. Blue Cross/Blue Shield of Ohio* (1992), 79 Ohio App.3d 369, 379, 607 N.E.2d 492, 498–499. Appellant has clearly failed to meet these requirements. He has not alleged and cannot show that OSHP made any factual misrepresentation that was misleading, induced reasonable and actual reliance, and caused him detriment.

Appellant relies in part upon *Hutchinson v. Wenzke* (1999), 131 Ohio App.3d 613, 723 N.E.2d 176, to support his claim that OSHP should be estopped from invoking the statute of limitations defense. In *Hutchinson,* the plaintiff's voluntarily dismissed their original complaint, and then refiled a second complaint

within one year of dismissal of the first complaint. The second complaint was mutually dismissed by stipulation of all parties to the action. The stipulation provided that the second dismissal was "without prejudice to refiling and otherwise than upon the merits." *Id.* Upon the plaintiffs' filing of a third complaint, the trial court granted summary judgment to the defendants, finding that the plaintiffs were prevented from utilizing the savings clause in R.C. 2305.19 for a second time pursuant to this court's holding in *Hancock, supra.*

The Montgomery County Court of Appeals reversed the trial court's grant of summary judgment, finding that the defendants were equitably estopped from invoking the statute of limitations. However, the crux of the appellate court's decision in *Hutchinson* was that defendants had specifically stipulated that the complaint was dismissed without prejudice and could be refiled. In the present case, there was neither an agreement between the parties nor inducement or factual misrepresentation by OSHP; thus, we find *Hutchinson* inapplicable. We find that even construing the evidence most strongly in favor of appellant, reasonable minds could only come to the conclusion that appellant was unable to utilize the savings statute, and, thus, he failed to file his complaint in the Court of Claims within the applicable statute of limitations.

Accordingly, appellant's assignment of error is overruled, and the judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

PETREE and McCORMAC, JJ., concur.

JOHN W. McCORMAC, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.