OPINION
This case comes before the court on appeal from a decision granting defendant Vision Insurance Company ("Vision"), and denying plaintiff Allstate Insurance Company ("Allstate") summary judgment. The facts of this matter are not in dispute, and have been succinctly set forth by the trial court as follows:
 This matter is before the Court on cross-motions for summary judgment. At issue in this declaratory judgment action is an insurance policy issued by Defendant Vision Insurance Company * * * to Defendant Roger Meade. Plaintiff Allstate Insurance Company * * * seeks a declaration from this Court that the policy in question provides coverage for an automobile accident that occurred on December 20, 1998. Vision seeks a declaration that the policy does not provide coverage for the December 20, 1998 accident by virtue of an exclusion written into the policy and applicable under the circumstances. The parties agree that there are no genuine issues of material fact and that one of them is entitled to judgment as a matter of law.
 The underlying facts of this case are not in dispute and are as follows:
 (1) Roger Meade had his Ohio driver's license suspended on July 10, 1998 for failure to comply with Ohio's financial responsibility law, R.C. § 4509.01 et seq.
 (2) On December 1, 1998, Mr. Meade purchased a Personal Auto Policy from Vision through the Enterprise Insurance Agency. Mr. Meade's driver's license was still under suspension when he purchased the insurance policy from Vision, and Vision's agent was made aware of that fact.
 (3) Jovita Bailey, Vision's agent through Enterprise Insurance Agency, instructed Mr. Meade when he purchased the Vision policy on December 1, 1998 that he was required to submit an SR-22 form and pay a reinstatement fee to the Ohio Bureau of Motor Vehicles before he could obtain valid driving privileges.
 (4) Mr. Meade was driving his vehicle on December 20, 1998 and was involved in an accident with another vehicle driven by Velma Haney. At the time of the accident, Mr. Meade had not fulfilled all of the requirements to get his driver's license reinstated and in fact did not have, maintain or possess a valid Ohio driver's license.
 Vision denied coverage for the December 20, 1998 accident on the grounds that Mr. Meade did not have a valid Ohio driver's license, a circumstance for which coverage is excluded by the terms of its policy. As a result of Vision's denial of coverage, Velma Haney filed an uninsured motorist claim with Allstate, her insurer. * * * Consequently, Allstate filed the instant action seeking a declaration of coverage under the Vision policy. Vision, in turn, filed a counterclaim and crossclaim seeking a declaration that coverage is excluded.
In June 2000, Allstate and Vision filed opposing motions for summary judgment. After both motions had been fully briefed, the trial court issued a decision in which it sustained Vision's motion, but overruled Allstate's motion for summary judgment. It then issued a declaratory judgment in favor of Vision. Allstate now appeals raising the following two assignments of error:
 I. The trial court erred in its determination that Vision Insurance Company is not equitably estopped from denying coverage to Roger Meade.
 II. The trial court erred in its determination that Vision Insurance Company did not waive its right to assert that Roger Meade had no insurance coverage for the subject accident.
Section 4(B), Article IV of the Ohio Constitution provides in regard to the common pleas courts of this state that:
 The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law.
Pursuant to this constitutional provision, the legislature empowered the courts of this state with the authority to issue declaratory judgments. R.C. 2721.02(A). While the power conferred by R.C. 2721.02
is broad, in order to present a proper request for declaratory relief, a plaintiff must establish: (1) a real controversy between opposing parties; (2) a justiciable controversy; and (3) that prompt relief is necessary to preserve the rights of the parties. Moreover, R.C.2721.02(B), which explicitly governs this action, provides:
 A plaintiff who is not an insured under a particular policy of liability insurance may not commence against the insurer that issued the policy an action or proceeding under this chapter that seeks a declaratory judgment or decree as to whether the policy's coverage provisions extend to an injury, death, or loss to person or property that a particular insured under the policy allegedly tortiously caused the plaintiff to sustain or caused another person for whom the plaintiff is a legal representative to sustain, until a court of record enters in a distinct civil action for damages between the plaintiff and that insured as a tortfeasor a final judgment awarding the plaintiff damages for the injury, death, or loss to person or property involved.
A review of the record reveals no evidence that any court has entered a final judgment for damages against defendant Meade as a result of this collision. Quite simply, other than the stipulation that Meade did not have a current license at the time of the accident, there is absolutely no evidence in this record going to the issue of his liability for this collision. Therefore, based upon the unequivocal wording of R.C.2721.02(B), Allstate is unable to pursue an action for declaratory relief against Vision at this time. However, even if we were to excuse noncompliance with the statute, Allstate also fails to establish a prima facie case for equitable estoppel or waiver.
In its first assignment of error, Allstate attempts to make the argument that Vision, as a result of its conduct, should be estopped from relying upon the contractual coverage provisions of Meade's insurance policy, and specifically upon the following exclusion:
 A. We do not provide Liability Coverage for any "insured":
* * *
 8. Using a vehicle without a reasonable belief that that "insured" is entitled to do so. Without limiting this exclusion, any person or "insured" operating a motor vehicle without a valid, in-force operator's license or permit cannot reasonably believe that he or she is entitled to use a motor vehicle.
Conceptually, equitable estoppel precludes a party from taking a contrary position, where the party, by his or her previous conduct, has induced another to change his position in good faith reliance upon that conduct. State ex rel. Cities Service Oil Co. v. Orteca (1980),63 Ohio St.2d 295, 299. The obvious purpose of the doctrine is to prevent fraud and to promote the ends of justice. Ohio State Bd. of Pharmacy v. Frantz (1990), 51 Ohio St.3d 143, 145.
A prima facie case for equitable estoppel requires Allstate to prove four elements: (1) that Vision made a factual misrepresentation; (2) that the misrepresentation was misleading; (3) that it induced actual reliance that was reasonable under the circumstances; and (4) that its reliance upon Vision's misrepresentation was detrimental. Romine v. Ohio State Hwy. Patrol (2000), 136 Ohio App.3d 650, 654. See, also, Jefferson Place Condominium Assn. v. Naples (1998), 125 Ohio App.3d 394, 401, discretionary appeal not allowed (1998), 81 Ohio St.3d 1527; and Doe v. Blue Cross/Blue Shield of Ohio (1992), 79 Ohio App.3d 369, 379.
It is all too apparent that Allstate failed to direct the trial court's attention to any factual representation by Vision, not to mention a misrepresentation upon which it relied. Although Allstate attempts to transform the straightforward exclusion of coverage for non-licensed drivers into a misrepresentation, again, quite simply, Vision took no action and made no representation to Allstate, misleading or otherwise. Accordingly, even assuming compliance with R.C. 2721.02(B), Allstate's first assignment of error is overruled as it has not and cannot set forth a prima facie case of equitable estoppel.
In its second assignment of error, Allstate argues that Vision waived its right to rely upon the plain language contained in Meade's policy. Waiver is a clear, voluntary relinquishment of a known right. State ex rel. Athens Cty. Bd. Of Commrs. v. Gallia, Jackson, Meigs, Vinton Joint Solid Waste Mgt. Dist. Bd. Of Directors (1996), 75 Ohio St.3d 611, 616. In this instance, Allstate offers no persuasive authority or argument showing that Vision has knowingly and voluntarily waived the explicit exclusion in the Meade policy of non-coverage for non-licensed drivers. In fact, the evidence is to the contrary. Accordingly, this assignment of error is also overruled.
For the foregoing reasons, both assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 ____________________ PETREE, J.
LAZARUS and DESHLER, JJ., concur.