OPINION
Plaintiff-appellant, Paul Fontaine, appeals a decision of the Butler County Court of Common Pleas granting summary judgment to defendant-appellee, Flexi USA, Inc. ("Flexi USA").
On July 28, 1999 appellant filed a complaint alleging a products liability claim against Flexi USA. According to the complaint, appellant was injured while using a product known as Flexi Lead while walking his dog. The complaint alleged that Flexi USA "manufactures and/or distributes" the Flexi Lead product. The complaint alleged that the date of appellee's injury was May 8, 1998.
On March 30, 2000, appellant amended his complaint to name a German Corporation, Bogdahn Technik GmbH ("Bogdahn"), as an additional defendant. Bogdahn manufactures the Flexi Lead product, and Flexi USA acts as a supplier of the product to independent retailers.
On May 11, 2000, appellant provided answers to interrogatories that had been requested by Flexi USA in December 1999. At that time, the parties discovered that the date of the injury was actually March 8, 1999 and not May 8, 1999 as alleged in the complaint and amended complaint. Flexi USA moved for summary judgment on July 25, 2000. The trial court found that because Flexi USA acted only as a supplier of the product, it was not liable under R.C. 2307.71 and granted summary judgment. Bogdahn filed a motion for summary judgment arguing that appellant's complaint against it was not filed until after the applicable statute of limitations had expired. The trial court denied Bogdahn's motion because it found genuine issues of material fact regarding the date of injury and whether Civ.R. 15(C) was applicable. Appellant then filed a motion to dismiss Bogdahn without prejudice that the trial court granted.
Appellant appeals the trial court's decision to grant summary judgment to Flexi USA. On appeal, appellant raises the following single assignment of error:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT FLEXI USA IN SO FAR AS THERE WAS [SIC] GENUINE ISSUES OF MATERIAL FACT REGARDING APPARENT AUTHORITY AND ESTOPPEL.
Appellant contends that after the first complaint was filed, counsel for Flexi USA indicated that it would be assuming the defense of the case for an unnamed German corporation and that Flexi USA and their insurance carrier would be responsible for any loss. Counsel for Flexi USA disputes that such statements were made. Appellant contends that counsel for Flexi USA did not inform him that it would not be assuming the defense for the German corporation until after the statute of limitations had expired. Appellant argues that the concept of apparent authority and the doctrine of equitable estoppel should apply to preclude summary judgment because he relied on the assertions and believed it was not necessary to join Bogdahn as a defendant.
Apparent authority has been defined as "the power to affect the legal relations of another person by transactions with third persons * * * arising from * * * the other's manifestations to such third persons."Master Consolidated Corp. v. BancOhio Natl. Bank (1991), 61 Ohio St.3d 570,576, citing 1 Restatement of the Law 2nd, Agency (1958) 30, section 8. The principal must hold out the agent as possessing sufficient authority to embrace the particular act in question, or knowingly permit him to act as having such authority. Id. at 576. The apparent power of the agent is to be determined from the acts of the principal, not by the acts of the agent. Id. at 576-77. In addition, the person dealing with the agent must have a good faith reason to believe that the agent possessed the necessary authority. Id.
Appellant has presented no facts to support an argument that Flexi USA or the insurance carrier by acts or conduct gave their attorney the authority to accept liability and to become responsible for a claim for which they, in fact, had no legal responsibility. Nor could appellant have a good faith belief that a company and insurer would grant its attorney power to commit them to pay damages for which they were not legally responsible. Such authority is not inherent in the attorney-client relationship and there are no acts of the principals that would support appellant's claim that counsel for Flexi USA had apparent authority to commit them to liability for this claim.
Appellant's argument that Flexi USA should be held liable on the theory of equitable estoppel is also without merit. "Equitable estoppel precludes a party from asserting certain facts where the party, by his conduct, has induced another to change his position in good faith reliance upon that conduct." State ex rel. Cities Serv. Oil Co. v.Orteca (1980), 63 Ohio St.2d 295, 299. The purpose of equitable estoppel is to prevent actual or constructive fraud and to promote the ends of justice. Jefferson Place Condominium Assn. v. Naples (1998),125 Ohio App.3d 394, 401.
A prima facie case for equitable estoppel requires appellant to prove four elements: (1) that counsel for Flexi USA made a factual misrepresentation; (2) that the misrepresentation was misleading; (3) that it induced actual reliance that was reasonable under the circumstances; and (4) that his reliance on the misrepresentation was detrimental. See Romine v. Ohio State Hwy. Patrol (2000),136 Ohio App.3d 650, 654.
Even assuming appellant's version of the facts as true, he fails to meet the third and fourth elements needed to prove equitable estoppel. Appellant's reliance on statements by Flexi USA that they would assume liability for the manufacturer was not reasonable under the circumstances. "It is essential to the application of the principles of equitable estoppel that the person claiming to have been influenced by the conduct or declarations of another party to his injury should have been destitute of knowledge of the facts, or at least * * * of any convenient and available means of acquiring such knowledge, for if he lacks such knowledge he is bound to exercise reasonable diligence to obtain it." Peddler v. Aetna Life Ins. Co. (1986), 23 Ohio St.3d 7, 11, quoting 42 Ohio Jurisprudence 3d (1983), 109-110, Estoppel and Waiver, Section 66. It was the duty of appellant's attorney to investigate the claim and applicable law and to bring the claim against the proper defendants.
In addition, appellant fails to establish the fourth element of equitable estoppel since it was not appellant's reliance on any misrepresentation that was detrimental, but his mistaken belief that the injury occurred in May 1998. Appellant did, in fact, bring the German manufacturer into the suit within what he believed to be the statute of limitations. Flexi USA gave appellant the necessary information regarding the German corporation before both parties believed the statute of limitations had run. It was appellant's mistaken belief that the accident occurred in May, instead of March, which was detrimental, not any alleged misrepresentations by Flexi USA.
We find no merit to appellant's contentions that apparent agency and equitable estoppel apply to this claim. Accordingly, the trial court did not err in granting summary judgment to Flexi USA. Appellant's assignment of error is overruled.
Judgment affirmed.
VALEN and WALSH, JJ., concur.