OPINION
Plaintiff-appellant, William L. Brubaker, Executor of the Estate of Joann Brubaker, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, William A. Ross. For the following reasons, we affirm the judgment of the trial court.
On August 13, 1992, Joann Brubaker was involved in an automobile accident with appellee. She later died as a result of the injuries she sustained in that accident. In January 1994, appellant filed a complaint against appellee in the Franklin County Court of Common Pleas alleging that the accident was caused by appellee's negligence ("1994 Case"). However, on January 25, 1996, the trial court permitted appellant to voluntarily dismiss his case without prejudice. Within one year of that dismissal, on January 24, 1997, appellant refiled his complaint ("1997 Case"). However, appellant failed to obtain service on appellee within one year of that filing and the case was dismissed by the trial court without prejudice on December 16, 1998.
On December 15, 1999, within one year of the December 16, 1998 dismissal of his 1997 Case, appellant refiled his complaint for a second time ("1999 Case"). Subsequently, the trial court dismissed the 1999 Case pursuant to appellee's motion to dismiss, finding that appellant could not use the savings statute, R.C. 2305.19, to refile his complaint more than once. This court reversed that decision on a separate procedural point, holding that the trial court should have converted appellee's motion to dismiss into a motion for summary judgment. Brubaker v. Ross (2001), Franklin App. No. 00AP-1159. On remand, appellee sought summary judgment based on appellant's attempted second use of the savings statute. The trial court granted summary judgment in appellee's favor and again found that appellant could not use the savings statute to refile his complaint more than once.
Appellant appeals, assigning the following errors:
"[1.] The trial court erred in granting defendant's motion for summary judgment for the reason that the savings statute does not apply as the dismissal in the previous case was without prejudice even if plaintiff's cause of action had been dismissed once before.
"[2.] Assuming arguendo the savings statute prevents plaintiff the refiling of the instant case, the trial court erred in dismissing the instant case for the reason that the trial court in the previous case had exercised it's inherent power to dismiss the case without prejudice, and defendant did not appeal that decision."
Appellant contends in his first assignment of error that the trial court erred in dismissing his 1999 Case because his 1997 Case was dismissed without prejudice, thereby allowing him to refile his case notwithstanding the applicability of the savings statute. We disagree.
An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists; (2) the moving parties are entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
As the trial court properly noted, the determinative issue in this matter is whether appellant may utilize the savings statute to refile his complaint more than once. That statute, R.C. 2305.19, provides, in pertinent part:
"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. * * *"
In essence, the savings statute grants a plaintiff one year to refile a case that was dismissed otherwise than on its merits, if that dismissal occurs after the applicable statute of limitations has expired. After his 1994 Case was dismissed, appellant utilized the savings statute to file his 1997 Case. Appellant's contention that the filing of the 1997 Case did not utilize the savings statute is not well-taken. The statute of limitations for a wrongful death claim is two years from the decedent's death. R.C. 2125.02. That period expired in 1994. Appellant voluntarily dismissed his 1994 Case without prejudice after the expiration of the two-year statute of limitations period. Therefore, appellant clearly utilized the savings statute when he refiled his case within one year of his voluntary dismissal. Otherwise, appellant's 1997 Case would have been time-barred.
Unfortunately, appellant never obtained service in the 1997 Case and it was dismissed by the trial court without prejudice. Within one year of that dismissal, appellant sought to use the savings statute again to file his 1999 Case. This court has held, however, that a plaintiff may only use the savings statute once to refile an action. Hancock v. Kroger Co. (1995), 103 Ohio App.3d 266, 268-269. The savings statute may not be used to keep actions alive indefinitely. Romine v. Ohio State Hwy. Patrol (2000), 136 Ohio App.3d 650, 654. To allow a plaintiff to use this statute more than once would "frustrate the purpose of the civil rules which are intended to prevent indefinite filings." Id. at 269. Other Ohio courts are in accord with this view. Estate of Carlson v. Tippett (1997), 122 Ohio App.3d 489, 491; Nagy v. Patterson (1994), Lorain App. No. 94CA005837; Seawright v. Zabell (1989), Cuyahoga App. No. 55232; Mihalcin v. Hocking College (2000), Athens App. No. 99CA32. The Ohio Supreme Court, in dicta, has agreed with this proposition. Thomas v. Freeman (1997), 79 Ohio St.3d 221, 227 (noting that "the savings statute can be used only once to refile a case").
Appellant attempts to avoid this rule by arguing that, because the 1997 Case was dismissed without prejudice, he should be allowed to refile his complaint. We disagree. A dismissal without prejudice simply means that the dismissal has no res judicata effect. However, such a dismissal does have practical consequences. Mihalcin, supra. A plaintiff must still refile his case within the applicable statute of limitations, or otherwise refile in a manner permitted by the savings statute. Id.
Appellant's initial 1994 Case was timely filed within the two-year statute of limitations applicable to his wrongful death claims. R.C.2125.02. That case was voluntarily dismissed, without prejudice, after the statute of limitations had expired. Therefore, pursuant to the savings statute, appellant had one year within which to refile his complaint. Appellant refiled his case (the 1997 Case) within one year of his voluntary dismissal. Subsequently, however, the 1997 Case was dismissed without prejudice for failure to obtain service. Appellant then attempted to refile his case a second time. Appellant's second attempt at refiling this case is barred because the statute of limitations for his claims expired in 1994 and the savings statute may not be used more than once. Without the application of the savings statute, appellant's 1999 Case is time-barred. Therefore, appellant's first assignment of error is overruled.
Appellant contends in his second assignment of error that, because the dismissal without prejudice of the 1997 Case was involuntary, he should be permitted to refile his case. Appellant again argues that he relied on the language in the trial court's judgment entry, indicating that the dismissal was "without prejudice," as an indication that he could refile his complaint. Appellant's argument is not well-taken. As noted above, a dismissal without prejudice does not guarantee that a case can be refiled. Moreover, the fact that the second dismissal was involuntary is irrelevant. The savings statute may not be used more than once even when the prior case was involuntarily dismissed without prejudice. Iglodi v. Montz (1995), Cuyahoga App. No. 68621 (dismissing third complaint after first two were involuntarily dismissed without prejudice); Seawright, supra (dismissing third case after the first case was voluntarily dismissed without prejudice and the second case was involuntarily dismissed without prejudice). This court has also disallowed an attempt to utilize the savings statute a second time even though the second complaint was dismissed without prejudice pursuant to Civ.R. 4(E). Romine, supra, at 654-655. The trial court did not err in granting appellee summary judgment based upon the inapplicability of the savings statute. Therefore, appellant's second assignment of error is also overruled.
Having overruled appellant's two assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN, J., and TYACK, P.J., concur.