JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Bernadette Smith Kennedy appeals the trial court's granting of defendant-appellee Raymond Heckard's motion to dismiss.
 {¶ 2} On July 10, 1998, plaintiff was a passenger in a car which was rear-ended by defendant. She filed suit in common pleas court on October 29, 1999 and dismissed the suit without prejudice pursuant to Civ.R. 41(A))(1), less than two years after the accident which was the subject of the suit and before the expiration of the statute of limitations. She refiled the suit on April 25, 2001, more than two years after the accident. In response to the complaint in the second filing, defendant filed a motion to dismiss on July 23, 2001, alleging that the second complaint was filed outside the statute of limitations. The trial court granted the motion to dismiss without an opinion on August 16, 2001. Plaintiff did not file a response to the motion to dismiss until August 17, 2001, the day after the dismissal and twenty-six days after the motion was filed.
 {¶ 3} Appealing the trial court's dismissal, plaintiff states one assignment of error with two issues: "The trial court committed error when it granted the defendant's motion to dismiss asserting lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim for which relief can be granted, due to the running of the statute of limitations.
 {¶ 4} Plaintiff argues that the trial court erred in granting the motion to dismiss because, she claims, it considered evidence outside the pleadings. Defendant's motion to dismiss was filed pursuant to Civ.R. 12(B), which states, in part:
 {¶ 5} "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. * * * All parties shall be given reasonable opportunity to present all material pertinent to such a motion by Rule 56."
 {¶ 6} In support, plaintiff references the material attached to defendant's motion to dismiss: the docket from the first filing of the case, as well as plaintiff's motion to dismiss pursuant to Civ.R. 41(A)(1) in the first filing and the court's entry dismissing it. Unfortunately, we cannot determine whether the trial court considered the attached material in its decision because the trial court's entry dismissing the second filing and granting defendant's motion to dismiss states merely the following: "Deft's motion to dismiss filed on July 23, 2001 is granted. FINAL. VOL 2632 PG 719, NOTICE ISSUED ..........................
 {¶ 7} "Case dismissed with prejudice 8/16/01" [sic]
 {¶ 8} An examination of the complaint, however, shows that the motion to dismiss could be granted without considering material outside the pleading. The Ohio Supreme Court has held that "a Civ.R. 12(B)(6) motion will lie to raise the bar of the statute of limitations when the complaint shows on its face the bar of the statute." Mills v. Whitehouse
(1974), 40 Ohio St. 55, 58. However, "[a] Civ.R.12(B)(6) motion to dismiss based upon a statute of limitations should be granted only where the complaint conclusively shows on its face that the action is so barred." Helman v. EPL Prolong, Inc. (2000), 139 Ohio App.3d 231, 241, quoting Velotta v. Petronzio, Inc. (1982), 69 Ohio St.2d 376, 379
(Emphasis added.) Plaintiff is correct in stating that the trial court is precluded from considering matters not contained in the pleadings when it reviews a Civ.R. 12(B)(6) motion to dismiss. When the pleadings alone clearly demonstrate that dismissal is proper, however, then a motion to dismiss is proper, and the court does not need to convert it to a motion for summary judgment.
 {¶ 9} The Supreme Court explained: "The purpose behind the allowance of a Civ.R. 12(B) motion to dismiss based upon the statute of limitations is to avoid the unnecessary delay involved in raising the bar of the statute in a responsive pleading when it is clear on the face of the complaint that the cause of action is barred. The allowance of a Civ.R. 12(B) motion serves merely as a method for expeditiously raising the statute of limitations defense." Mills at 60.
On the face of plaintiff's complaint, it is clear that it was filed outside the statute of limitations. The complaint states that the accident in question occurred "[on] or about July 10, 1998." The time stamp on the complaint reads April 25, 2001. Plaintiff had two years to bring her cause of action for personal injury. R.C. 2305.10. Because plaintiff's complaint clearly was filed more than two years after the accident, on its face it is time-barred.
 {¶ 10} Plaintiff later argued in her opposition to the motion to dismiss that her claim was not time-barred because she had refiled the case under the savings statute. This argument is without merit. Even without examining the validity of her refiled complaint, we find that her failure to include any reference to the previous filing and voluntary dismissal in her complaint prevents us from considering it in the motion to dismiss. As the Ohio Supreme Court noted in Peterson v. Teodosio
(1973), 34 Ohio St.2d 161, 174: "The rules are structured to allow prompt and summary disposition of cases at early stages in the cases where recovery could not under any circumstances be made. The Federal Rules of Civil Procedure have been interpreted to require, when a complaint on its face is barred by a statute of limitation, that it is the duty of the pleader to assert exceptions to the statute." See, also, Gabriel v.DePrisco (1984), Lucas App. No. L-84-063, 1984 Ohio App. LEXIS 10462, at *3.
Addressing this same issue of exceptions to the statute of limitations when the exceptions are not included in a complaint, this court held: "Since we are confined to the allegations contained in the complaint for purposes of our review of the motion to dismiss, we have determined that the trial court did not abuse its discretion in granting the motion and that judgment is affirmed." Fiorello v. Kacsmarik (1997), Cuyahoga App. No. 71756, 1997 Ohio App. LEXIS 3187, at *7. See, also, Safe Auto Ins.Co. v. Linehan (2000), Cuyahoga App. No. 77335, 2000 Ohio App. LEXIS 2646, at *5. The majority of the courts, including this district, consistently has held that a motion to dismiss pursuant to Civ.R. 12(B)(6) is appropriate when the plaintiff failed to state in the complaint that the case had been previously dismissed without prejudice and the savings statute used.[1]
 {¶ 11} The majority of courts also has upheld a motion to dismiss because the plaintiff improperly relied on the savings statute when the plaintiff dismissed the case before the statute of limitations expired and then refiled after the statute had expired. In Hoagland v. Webb (1994), Montgomery App. Nos. 14024 14061, 1994 Ohio App. LEXIS 2336 at *18, the Second Appellate District upheld a trial court's granting of a motion to dismiss when the second filing of the case had not been preserved under the savings statute. Although the plaintiff in Hoagland properly commenced his action within the statute of limitations time limits and voluntarily dismissed it under Civ.R. 41(A)(1) without prejudice, the court held, "R.C. 2305.19 is nonetheless inapplicable to this matter because Hoagland dismissed the action almost six months before the limitations period had expired." The appellate court then upheld the trial court's granting of the motion to dismiss. See, also,Giallombardo v. Terhune (1995), Lake App. No. 95-L-046, 1995 Ohio App. LEXIS 5157. Similarly, in the case at bar, plaintiff dismissed her case before the statute of limitations had expired and did not refile it until after it had expired. If the trial court, therefore, considered the materials documenting the attempted use of the savings statute, it would not have erred. Under either theory, the case is properly dismissed in a Civ.R. 12(B)(6) motion to dismiss.
 {¶ 12} Plaintiff argues in her brief that because the materials from the first filing were attached to defendant's motion to dismiss, the trial court was required to convert the motion to dismiss into a motion for summary judgment. We do not agree. As the Third District Court of Appeals explained, "although Appellants maintain that the trial court erred in entertaining Appellee's statute of limitations defense in a motion to dismiss rather than in a motion for summary judgment, this argument is not well-taken [sic]. While it is true that affirmative defenses, such as the expiration of the statute of limitations, are generally not properly raised in a motion to dismiss, an exception to this rule exists when the complaint `conclusively shows on its face that the action is barred by the statute of limitations. * * *' Here, the file-stamped date, which is located on the face of the complaint, clearly demonstrated that the action was filed outside the permissible time limits. Thus appellee was not required to assert her defense in a motion for summary judgment." Priddy v. Ferguson (1999), Union App. No. 14-99-38, 1999 Ohio App. LEXIS 5973, at *4-5, citations omitted.
 {¶ 13} Notwithstanding any attachments, a Civ.R. 12(B)(6) motion to dismiss for failure to file within the statute of limitations is proper if the failure is clear on the face of the complaint. In the case at bar, this failure is clear. The trial court did not err, therefore, in dismissing the case.
 {¶ 14} Plaintiff alternatively argues that the court is estopped from dismissing the case because, she claims, the parties and the court made an agreement to allow her to refile within a year of the dismissal of the first filing. Her Civ.R. 41(A)(1) dismissal in Case No. 395352, April 28, 2000 stated: "This dismissal is without prejudice and shall operate as an adjudication otherwise than upon the merits. The said Plaintiff, therefore, shall have one year under Ohio Revised Code section2305.19 to refile this pleading." Plaintiff argues that at the pretrial discussing this dismissal, defendant stipulated to the extension of time. In support of this claim, plaintiff's attorney attached an affidavit to her brief in opposition to defendant's motion to dismiss. This affidavit stated in pertinent part: "At the final Pre-trial [sic], Plaintiff's counsel stated that Plaintiff is still having medical problems as a result of injuries sustained in this case and requested a continuance. It was additionally discussed that at that point and time that Plaintiff would have one year in which to get her necessary treatment, and at that time, the case would be refiled. Subsequently, Plaintiff's counsel did file a Voluntary Dismissal of this Case, granting in said entry one year in with [sic] which to re-file said complaint. Placing one year in the entry was made after discussions with the court and with defense counsel, who gave no objection to that refiling."[2]
Affidavit of Michael Feldman, August 17, 2001.
 {¶ 15} Using this affidavit as evidence, plaintiff claims that the court and defendant stipulated to the one-year extension of the statute of limitations. In support, plaintiff quotes Hutchinson v. Wenzke
(1999), 131 Ohio App.3d 613, 616, in which the court held "[t]hat representation was clearly misleading as they now claim that plaintiffs may not refile that complaint." In Hutchinson, however, the partiesexpressly stipulated that all the parties mutually dismissed the action without prejudice to refiling. An express "stipulation" to dismissal and refiling, however, is quite different from the passive lack of objection. Counsel's affidavit never states that defense counsel actually stipulated to the extension of the statute of limitations. Rather, the affidavit states merely that defense counsel "gave no objection to that refiling" and that the subject was discussed at the pretrial. A lack of objection and "discussion" do not rise to the level of a stipulation. Additionally, the voluntary dismissal form was signed only by plaintiff's counsel, not by defense counsel. Nor was it styled as a stipulation. The court's journal entry simply states: "pltf voluntarily dismisses claim for relief against deft without prejudice." Failure to object does not constitute the kind of inducement found in Hutchinson. See, also, Ardirev. Westlake (1995), Cuyahoga App. No. 67088, 1995 Ohio App. LEXIS 829, at *7, in which this court found no waiver of the statute of limitations because "[t]he trial court's Civ.R. 41 dismissal order demonstrates no conditional agreement regarding the limitations defenses * * *."
Plaintiff has failed to carry her burden of proof by showing any stipulation between the parties extending the statute of limitations. Because the second filing of the case was outside the statute of limitations, and because plaintiff failed to prove any stipulation to a waiver of that statute of limitations, plaintiff's argument fails.
 {¶ 16} The trial court properly dismissed plaintiff's complaint because, on its face, it was filed outside the statute of limitations. Further, plaintiff's attempt to refile under the savings statute was untimely and failed to save her cause of action. Nor was there evidence that by misleading conduct defense counsel induced plaintiff to dismiss the action. The trial court is affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., AND KENNETH A. ROCCO, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] But see, Paul v. World Metals, Inc. (2001), Summit App. No. 20130, 2001 Ohio App. LEXIS 718, which held that "defenses such as * * * the statute of limitations * * * are not defenses that are specifically permitted to be raised by Civ.R. 12 prior to a responsive pleading; therefore, they may not be asserted on a motion to dismiss pursuant to Civ.R. 12(B)." Id. at 6.
[2] We note that defendant changed counsel when the case was refiled.