[Cite as *Perkins v. Falke & Dunphy, L.L.C.*, 2012-Ohio-5799.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

KATHLEEN PERKINS, ET AL.      :

      Appellants           :      C.A. CASE NO. 25162

vs.                      :      T.C. CASE NO. 2011CV 03232

FALKE & DUNPHY, LLC, ET AL.    :
                            (Civil appeal from
      Appellees            :      Common Pleas Court)

. . . . . . . . .

**O P I N I O N**

Rendered on the   7th   day of     December    , 2012.

. . . . . . . . .

F. HARRISON GREEN, Atty. Reg. No. 0039234, 4015 Executive Park Drive, Suite 230, Cincinnati, Ohio 45241
      Attorney for Appellants

LINDSAY JOHNSON, Atty. Reg. No. 0077753, 1 South Main Street, Suite 1800, Dayton, Ohio 45402
      Attorney for Appellees

. . . . . . . . .

HENDON, J. (by assignment):

      **{¶ 1}**   Plaintiffs-appellants Kathleen and Michael Perkins have appealed from the trial court's grant of summary judgment on their legal-malpractice action to

defendants-appellees Falke & Dunphy LLC and Lee Falke, (collectively referred to as "Falke"). Because the Perkinses filed their action outside of the applicable statute of limitations, and because the facts of this case do not support an equitable tolling of the statute of limitations, we affirm the trial court's judgment.

## *Factual Background*

{¶ 2}     In September of 2002, the Perkinses engaged Falke to represent their interests in a dispute over the distribution of the estate and trust of Kathleen Perkins' mother. Falke negotiated a settlement for the Perkinses, which was entered into in November of 2004. The settlement was finalized in court in December of 2005.

{¶ 3}     On March 15, 2007, the Perkinses filed a legal-malpractice action against Falke. The Perkinses asserted that Falke had negligently failed to prosecute claims on their behalf and had failed to obtain an accounting from the trust of Kathleen Perkins' mother. On April 12, 2010, the Perkinses voluntarily dismissed the malpractice complaint pursuant to Civ.R. 41(A)(1). The Perkinses later refiled the malpractice complaint on May 3, 2011. Falke filed a motion to dismiss on the grounds that the Perkinses had not timely refiled the complaint under R.C. 2305.19, Ohio's savings statute. In response to Falke's motion to dismiss, the Perkinses argued that Falke had purposely concealed that, in entering into a settlement agreement concerning the estate and trust, the Perkinses had given up certain rights to pursue additional claims and remedies in that case. According to the Perkinses, they first discovered Falke's concealment on April 14, 2011, when the report of their expert witness was completed. The Perkinses argued that the doctrine of equitable estoppel should toll the statute of limitations applicable to their malpractice claim.

**{¶ 4}** The trial court converted Falke's motion to dismiss into a motion for summary judgment. After determining that the doctrine of equitable estoppel was inapplicable in this situation and that the statute of limitations on the malpractice claim had already run, the court granted Falke summary judgment.

**{¶ 5}** The Perkinses have appealed. They argue in their sole assignment of error that the trial court's grant of summary judgment to Falke was in error.

### Standard of Review

**{¶ 6}** This court reviews a trial court's ruling on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). A motion for summary judgment is appropriately granted when there exists no genuine issue of material fact, the movant is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is adverse to the nonmoving party. *State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994).

### Equitable Estoppel and the Statute of Limitations

**{¶ 7}** The statute of limitations applicable to a legal-malpractice claim is one year. R.C. 2305.11(A). The limitations period begins to run "when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." *Powell v. Rion*,

2012-Ohio-2665, 972 N.E.2d 159, ¶ 8 (2d Dist.), quoting *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54, 58, 538 N.E.2d 398 (1989).

{¶ 8} In an affidavit, Falke stated that his representation of the Perkinses did not extend beyond the fall of 2006. And the Perkinses filed their first complaint for malpractice on March 15, 2007. At the latest, the statute of limitations for the malpractice action began to run on the latter date. So the Perkinses' refiling of their complaint on May 3, 2011, occurred outside of the limitations period. But R.C. 2305.19, Ohio's savings statute, provides in relevant part that "[i]n any action that is commenced * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits." R.C. 2305.19(A). Under this statute, the Perkinses' claim would still be timely if filed within one year of their voluntary dismissal of the first complaint.

{¶ 9} The Perkinses voluntarily dismissed their first malpractice complaint on April 12, 2010. And they refiled the claim on May 3, 2011, outside of the one year period provided for in R.C. 2305.19(A). To place their claim within the statute of limitations, the Perkins argue that the limitations period should be equitably tolled on two grounds: the doctrine of equitable estoppel and fraudulent concealment. According to the Perkinses, the full extent of Falke's malpractice was not discovered until April 14, 2011, when they received a report from a hired expert stating that Falke had concealed during the course of the settlement negotiations that, if they settled, they would give up certain rights to pursue claims and remedies in the underlying case.

{¶ 10} We first consider the Perkinses' argument that the limitations period should be equitably tolled based on the doctrine of equitable estoppel. Equitable estoppel "prevents relief when one party induces another to believe certain facts exist and the other party changes his position in reasonable reliance on those facts to his detriment." *Chavis v. Sycamore Cty. School Dist. Bd. of Ed.*, 71 Ohio St.3d 26, 34, 641 N.E.2d 188 (1994). To establish a prima facie case of equitable estoppel, a plaintiff must prove the following elements: "(1) that the defendant made a factual misrepresentation; (2) that it is misleading; (3) [that it induced] actual reliance which is reasonable and in good faith; and (4) [which causes] detriment to the relying party." *Hutchinson v. Wenzke*, 131 Ohio App.3d 613, 616, 723 N.E.2d 176 (2d Dist.1999), citing *Doe v. Blue Cross/Blue Shield of Ohio*, 79 Ohio App. 3d 369, 379, 607 N.E.2d 492 (10th Dist.1992).

{¶ 11} Here, the trial court correctly determined that the doctrine of equitable estoppel was inapplicable to toll the statute of limitations because Falke had made no factual misrepresentation to the Perkinses. The Perkinses allege that Falke concealed the fact that they had given up the ability to pursue other claims and remedies in the underlying action by entering into a settlement, but the record contains no evidence that Falke made a factual misrepresentation of that nature in an effort to induce them to change their position. Further, we additionally question the reasonableness of the Perkinses' reliance on that belief.

{¶ 12} The Perkinses additionally argue that the limitations period should be equitably tolled on the grounds of fraudulent concealment. We have held that fraudulent concealment may serve as a ground for equitable tolling, but that such a remedy is only available "in compelling cases which justify a departure from established procedure." *Frees*

*v. ITT Technical School*, 2d Dist. Montgomery No. 23777, 2010-Ohio-5281, ¶ 34-35, quoting *Sharp v. Ohio Civil Rights Comm.*, 7th Dist. Mahoning No. 04 MA 116, 2005-Ohio-1119, ¶ 10-11.  To invoke equitable tolling of the statute of limitations on this ground, a plaintiff must show that the defendant engaged in a course of conduct to conceal evidence of the defendant's wrongdoing, and that the plaintiff, despite the exercise of due diligence, failed to discover the facts supporting the claim.  *Id.* at ¶ 34.  Here, there is no evidence that Falke engaged in a course of conduct to conceal from the Perkinses the fact that all other legal remedies would be foreclosed to them following the settlement.  The Perkinses elected to settle their underlying claim rather than continue to pursue litigation.  There is no evidence that Falke continually concealed or affirmatively misled them concerning the effect of the settlement.

{¶ 13}  Neither equitable estoppel nor fraudulent concealment support equitable tolling of the limitations period in this case.  The Perkinses refiled their complaint for legal malpractice outside of the limitations period, and the trial court properly granted summary judgment to Falke.  The Perkinses' assignment of error is overruled, and the judgment of the trial court is accordingly affirmed.

. . . . . . . . . . .

CUNNINGHAM and DINKELACKER, JJ., concur**.**
(Hon. Sylvia Sieve Hendon, Hon. Penelope R. Cunningham, and Hon. Patrick Dinkelacker, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

F. Harrison Green, Esq.

Lindsay Johnson, Esq.
Hon. Sumner E. Walters,
Visiting Judge