GULLATTE et al., Appellants,

v.

RION et al., Appellees.

[Cite as *Gullatte v. Rion* (2000), 145 Ohio App.3d 620.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. CA–17871.

Decided Sept. 8, 2000.

622

James D. Brookshire and Frank A. Malocu, for appellants.

Rieser & Marx and Thomas H. Pyper, for appellees John H. Rion and John H. Rion & Associates Co., L.P.A.

Reminger & Reminger Co., L.P.A., and Terrance A. Nestor, for appellees Dennis Gump and Gump & Elliott Co., L.P.A.

---

WALSH, Judge.

Plaintiffs-appellants, David A. Gullatte and his former wife, Gallion D. Gullatte,[1] appeal the decision of the trial court granting summary judgment to defendants-appellees, John H. Rion and Dennis Gump, on a legal malpractice claim.

Gullatte was indicted for murder with a firearm specification on January 19, 1989. He hired appellees to defend him against the charges. On August 18, 1989, he pled guilty to voluntary manslaughter with a firearm specification. Gullatte was sentenced to a prison term of seven to twenty-five years, and an additional three years for the gun specification. Gullatte agreed to plead guilty because appellees told him he would be eligible for "shock probation" and could be released from prison in four years.

Appellees filed a motion for shock probation on behalf of Gullatte on February 4, 1994. The motion was denied on the basis that appellant was not eligible for shock probation. Appellees filed a second motion for shock probation on July 1, 1994. This motion was withdrawn on July 14, 1994. Appellees did not inform appellant of either of these motions. On August 19, 1994, appellees filed a third motion for shock probation, which was denied on the basis that appellant was not eligible for shock probation pursuant to R.C. 2951.02 because the offense involved a firearm. A copy of the denial was sent to Gullatte, who telephoned appellees to inquire about his eligibility for shock probation. According to appellants, appellees refused to take Gullatte's calls.

---

1. When referred to together, Mr. And Mrs. Gullatte will be referred to as appellants. However, when referred to individually, David Gullatte will be referred to as "Gullatte."

Gullatte filed a *pro se* motion for postconviction relief on April 11, 1996. He claimed that he received ineffective assistance of counsel because he had been persuaded to enter the guilty plea on the ground that he was eligible for shock probation, when the Ohio Revised Code made it clear that he was not eligible. On April 4, 1998, as a result of his motion, Gullatte's plea and sentence were vacated and he was released from prison.

On March 24, 1999, appellants filed a three-count complaint against appellees. Count 1 alleged fraud as to Rion. Count 2 and Count 3 alleged legal malpractice against Rion, Gump, John H. Rion and Associates Co., and Gump and Elliott Co., L.P.A. Appellees filed motions for summary judgment on the basis that appellants' claims were barred by the statute of limitations. Appellants filed a memorandum in opposition and a motion requesting summary judgment in their favor on the issue of the statute of limitations. On July 15, 1999, the trial court granted appellees' motions for summary judgment and denied appellants' motion.

The trial court granted summary judgment to appellees on the basis that appellants' claim was not filed within the one-year statute of limitations provided in R.C. 2305.11(A). The trial court found that appellants' cause of action accrued on April 11, 1996, when Gullatte filed his *pro se* motion alleging ineffective assistance of counsel. Appellants' complaint was not filed until March 24, 1999, well beyond the one-year statute of limitations. Appellants appeal the trial court's decision to grant summary judgment to appellees and the trial court's denial of their motion for summary judgment. Appellants raise four assignments of error.

Assignment of Error No. 1:

"The trial court erred in granting summary judgment to defendant-appellee Rion as to count one of plaintiff-appellants' complaint because genuine issues of material fact regarding the allegations of fraud in count one were present in the record, appellants properly alleged a cause of action for fraud, and the cause of action was filed in a timely manner."

In their first assignment of error, appellants contend that the trial court erred in granting summary judgment as to the count of fraud against Rion. Our standard of review on summary judgment is *de novo*. *Jones v. Shelly Co.* (1995), 106 Ohio App.3d 440, 666 N.E.2d 316. Summary judgment is appropriate pursuant to Civ.R. 56(C) when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d

46. Summary judgment is a procedural device to terminate litigation, so it must be granted cautiously with any doubts resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138.

 Actions that allege malpractice by a member of the legal profession must be commenced within one year after the cause of action accrues. R.C. 2305.11(A). An action for legal malpractice accrues and the statute of limitations begins to run "when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." *Zimmie v. Calfee, Halter & Griswold* (1989), 43 Ohio St.3d 54, 538 N.E.2d 398, syllabus. A "cognizable event" is an event sufficient to alert a reasonable person that his attorney has committed an improper act in the course of legal representation. *Spencer v. McGill* (1993), 87 Ohio App.3d 267, 278, 622 N.E.2d 7.

 We must determine which occurred later: the termination of the attorney-client relationship or the occurrence of a cognizable event which put appellants on notice of a potential claim. Appellee Rion states that the last time he communicated with Gullatte was before April 11, 1996, and that the attorney-client relationship terminated prior to that date. Appellee Gump states that his last communication with Gullatte was no later than August 19, 1994.

Under the facts of this case, a cognizable event occurred at the latest on April 11, 1996, when Gullatte filed his *pro se* motion for relief after judgment. The motion alleged, *inter alia*, that trial counsel was ineffective for advising him that he was eligible for shock probation. At that date, appellants were put on notice of a possible legal malpractice claim against appellees. Since a cognizable event occurred after the termination of the attorney-client relationship, the statute of limitations began to run on April 11, 1996. Appellants' claim was not filed until March 24, 1999, almost three years later, and well beyond the one-year statute of limitations for legal malpractice actions.

 Appellants contend that Count 1 of their complaint states a cause of action for fraud against Rion and is therefore subject to the longer statute of limitations applicable to fraud claims. A claim based on fraud must be brought within four years after the cause of action accrues. R.C. 2305.09(C). The trial court found that appellants' claim for fraud did "not alter the fact that the gist of the plaintiffs' claims relate[s] to the alleged inappropriateness of the legal advice given" and that "the label given to the cause of action is immaterial." The trial court found all of appellants' claims sounded in legal malpractice and were barred by the one-year statute of limitations.

The applicable statute of limitations is determined from the gist of the complaint, not by the form of the pleading. *Hibbett v. Cincinnati* (1982), 4 Ohio App.3d 128, 131, 4 OBR 220, 446 N.E.2d 832. "Malpractice by any other name still constitutes malpractice." *Muir v. Hadler Real Estate Mgt. Co.* (1982), 4 Ohio App.3d 89, 90, 4 OBR 170, 446 N.E.2d 820. Malpractice consists of " 'the professional misconduct of members of the medical profession and attorneys' " and may consist of either negligence or breach of contract. *Id.,* quoting *Richardson v. Doe* (1964), 176 Ohio St. 370, 372, 27 O.O.2d 345, 199 N.E.2d 878. "It makes no difference whether the professional misconduct is founded in tort or contract, it still constitutes malpractice." *Id.*

This court has held that under circumstances in which an attorney provides services that are not necessarily legal in nature, the attorney's actions may constitute a cause of action for fraud separate from a malpractice claim. *Bryant v. Williams* (June 7, 1985), Montgomery App. No. CA 9272, unreported, 1985 WL 8723. We also note that the Tenth District Court of Appeals has recognized that not all fraudulent conduct committed by an attorney will fall under the umbrella of a general malpractice claim, although the elements of fraud must be specifically pled in the complaint. *DiPaolo v. DeVictor* (1988), 51 Ohio App.3d 166, 173, 555 N.E.2d 969. That court recently held that a desire to obtain a settlement and resulting contingent fee was not the type of personal gain that would support an action for fraud separate from a malpractice action. *Endicott v. Johrendt* (June 22, 2000), Franklin App. No. 99AP–935, unreported, 2000 WL 796576.

When alleged fraudulent conduct is integral to a malpractice claim, the conduct does not independently extend the statute of limitations for malpractice. *Wozniak v. Tonidandel* (Oct. 1, 1998), Cuyahoga App. No. 73086, unreported, 1998 WL 685497, at * 2. *Nwabara v. Schoby* (Nov. 13, 1986), Cuyahoga App. No. 51211, unreported, 1986 WL 12852, at *3. We agree with the trial court's determination that appellants' first claim, although captioned as "Fraud," sounds in malpractice. Both Count 1, entitled "Fraud," and Count 2, entitled "Negligence," allege that appellants were harmed when appellees persuaded Gullatte to plead guilty under the promise that he would be eligible for shock probation. The claims in appellants' complaint all arose out of acts committed by appellees in the course of their legal representation of David Gullatte. Appellants' first assignment of error is overruled.

Assignment of Error No. 2:

"The trial court erred in granting summary judgment to defendant-appellees as to counts two and three of plaintiff-appellants' complaint because the doctrine of equitable estoppel bars a statute of limitations defense under the facts of this case."

In their second assignment of error, appellants contend that equitable estoppel bars appellees from raising a statute-of-limitations defense. Equitable estoppel precludes a party from asserting certain facts whereby his conduct the party has induced another to change his position in good faith reliance upon that conduct. *Hutchinson v. Wenzke* (1999), 131 Ohio App.3d 613, 616, 723 N.E.2d 176. The purpose of equitable estoppel is to prevent actual or constructive fraud and to promote the ends of justice. *Id.; Ohio State Bd. of Pharmacy v. Frantz* (1990), 51 Ohio St.3d 143, 145, 555 N.E.2d 630. To establish a prima facie case for equitable estoppel, a plaintiff must show that (1) the defendant made a factual representation, (2) that is misleading, (3) that induces actual reliance that is reasonable and in good faith, and (4) that causes detriment to the relying party. *Doe v. Blue Cross/Blue Shield of Ohio* (1992), 79 Ohio App.3d 369, 379, 607 N.E.2d 492.

Appellants contend that they relied on appellees' statements that Gullatte was eligible for shock probation to their detriment. Appellants contend that appellees had a duty to disclose the true state of the law to them and instead intentionally withheld the information from them between September 19, 1989 and July 13, 1991. Appellees argue that had they known that Gullatte was not eligible for shock probation during this time period, appellants' cause of action would have been tolled until he was released from prison.

Appellants' argument is based on R.C. 2305.16, which was amended in 1991. The original version of the statute provided that if a person was imprisoned during the time a cause of action accrued, the statute of limitations was tolled until the person was released from prison. In 1991, the statute was amended and imprisonment was removed as a disability tolling the statute of limitations. The Senate Bill enacting the revised statute states that the amended version of the statute applies only to causes of action which accrue six months after July 13, 1990, the effective date of the Act. Thus, the amended version of R.C. 2305.16 applies only to causes of action which accrued on or before January 13, 1991. *Poole v. Reinhart* (Nov. 26, 1996), Franklin App. No. 96APE05–700, unreported, 1996 WL 684145, at * 2. As discussed above, appellants' cause of action accrued on April 11, 1996, so the amended version of the statute is applicable and imprisonment at the time the cause of action accrued does not toll the statute of limitations.

However, appellants argue that if appellees had not breached their professional duty to inform them of the state of the law regarding Gullatte's eligibility for shock probation, they would have become aware of the legal malpractice before January 13, 1991. If the cognizable event had occurred at that time, their cause of action would have accrued during the time the previous version of the statute was applicable and the statute of limitations would have been tolled the entire

time Gullatte was imprisoned. Appellants contend that equitable estoppel should apply to these circumstances so that appellees do not benefit from their misrepresentations and so that appellants are not punished for trusting their attorneys.

While we cannot condone the actions of the appellees in this case, we are unable to accept appellants' argument for the application of the doctrine of equitable estoppel in this manner. Equitable estoppel is not applicable because appellees did not make misrepresentations after April 11, 1996, which precluded appellants from filing their claim within the applicable statute of limitations. Appellants' argument that appellees precluded appellants from benefiting from a favorable state of the law is tenuous at best. We decline to apply equitable estoppel in order to allow appellants to use a tolling provision favorable to them when the legislature has seen fit to eliminate the provision and to limit the dates of its application. Appellants' second assignment of error is overruled.

Assignment of Error No. 3:

"The trial court erred in granting summary judgment to defendant-appellees as to count three of plaintiff-appellants' complaint because the plaintiff-appellants could not have discovered that cause of action through reasonable investigation prior to the date it was actually discovered. Therefore, that cause of action was filed in a timely manner."

Appellants' third assignment of error relates to Count 3 of their complaint, which alleges that appellees were negligent in their representation of Gullatte during a motion to suppress identification. In their legal representation of Gullatte, appellees filed a motion to suppress an eyewitness identification. Appellees did not call the detective who created and used the photo spreads to testify, and, as a result, the detective was not questioned about the procedures used. The motion was overruled.

After Gullatte's petition for postconviction relief was granted, his conviction and sentence were vacated. The state reinitiated prosecution and a second motion to suppress the identification was filed. The motion to suppress was granted on the basis that the photos were unconstitutionally suggestive. Appellants contend that the statute of limitations on Count 3 did not begin to run until June 1998, when Gullatte first saw the discovery packet which contained the photo spreads. Appellants argue that as to Count 3, this date was the "cognizable event" for purposes of the statute of limitations.

As mentioned above, a cause of action for legal malpractice accrues and the statute of limitations begins to run on termination of the attorney-client relationship or when the client discovers, or in the exercise of reasonable care should have discovered, the resulting injury. *Omni–Food & Fashion, Inc. v. Smith* (1988), 38 Ohio St.3d 385, 528 N.E.2d 941, paragraph one of the syllabus.

In *Zimmie v. Calfee, Halter & Griswold,* 43 Ohio St.3d 54, 538 N.E.2d 398, the Ohio Supreme Court held that the client need not be aware of the full extent of injury caused by the attorney's action or non-action. It is enough that there is some noteworthy event which would have alerted a reasonable person that he or she had been appreciably and actually damaged as the result of a "questionable legal practice." *Id.* at 58, 538 N.E.2d 398.

While appellants may not have had all the information in their possession to determine the extent of the malpractice committed by their attorneys, they were on notice by April 11, 1996, that the attorneys had failed to properly represent Gullatte against the murder indictment. Appellants were aware by at least that date that they had been "appreciably damaged" as the result of at least one questionable legal practice. At that time, they were put on notice of the need for further inquiry into the conduct of the attorneys. We agree with the trial court that "[t]he duty to investigate includes all aspects of the case." We decline to find different "cognizable events" requiring different statutes of limitation on these facts. Appellant's third assignment of error is overruled.

Assignment of Error No. 4:

"The trial court erred in denying summary judgment to plaintiff-appellants' [*sic*] regarding the assertion of statute-of-limitations defenses by defendant-appellees as to each claim and cause of action set out in the complaint in this action."

In their fourth assignment of error, appellants contend that the trial court erred in denying their motion for summary judgment. Appellants argue that reasonable minds could not find a factual or legal basis upon which the appellees could credibly argue a statute of limitations defense as to any one of the appellants' claims. Given our resolution of appellants' first three assignments of error, we overrule appellants' fourth assignment of error.

*Judgment affirmed.*

POWELL, P.J., and WILLIAM W. YOUNG, J., concur.

STEPHEN W. POWELL, P.J., of the Twelfth Appellate District, sitting by assignment.

WILLIAM W. YOUNG, J., of the Twelfth Appellate District, sitting by assignment.

JAMES E. WALSH, J., of the Twelfth Appellate District, sitting by assignment.