DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Geoffrey Oglesby, appeals from a judgment entered by the Lucas County Court of Common Pleas in favor of appellee, David Taylor. For the reasons that follow, the judgment of the trial court is reversed.
 {¶ 2} Between December 7, 1997 and May 13, 1998, Taylor was indicted on related charges of drug trafficking, engaging in a pattern of corrupt activity, and witness intimidation. The entire matter came up for jury trial on August 18, 1998. That morning, before the jury was seated, Oglesby, who was representing Taylor, filed a combined "Motion to Dismiss" and "Motion to Sever." The motion to dismiss was based on an alleged speedy trial violation. The motion to sever was denied, and the case proceeded to trial. Following the trial, Oglesby moved to dismiss the charge of engaging in a pattern of corrupt activity. The court granted the motion. After deliberation, the jury found Taylor guilty of two counts of trafficking in crack cocaine, one count of trafficking in crack cocaine with a major drug offender specification, and one count of intimidation of a crime victim or witness.
 {¶ 3} Taylor appealed the conviction. He was represented on the appeal by appellant Oglesby. In one of his assignments of error, Taylor, through his counsel, Oglesby, alleged a speedy trial violation. This court, in a decision dated February 11, 2000, affirmed the judgment of the trial court. See State v.Taylor (Feb. 11, 2000), 6th Dist. No. L-98-1375. We found the speedy trial claim not well-taken, "as appellant failed in his burden to submit the part of the record showing a speedy trial violation." We further stated that "[i]n this case, appellant had not transmitted any portion of the record that would aid us in making a determination on the speedy trial assignment of error. As such, we must presume the validity of the trial court's proceedings."
 {¶ 4} Shortly after this decision was released, Taylor obtained new counsel. On April 12, 2000, he filed a motion to reopen his appeal pursuant to App.R. 26(B). In that motion, Taylor claimed that his attorney, both at trial and on appeal, had deprived him of effective assistance of counsel by forfeiting his speedy trial claim. With regard to his appeal, in particular, Taylor specifically stated that counsel was ineffective in failing to transmit the portion of the record that would have allowed this court to rule on the speedy trial issue.
 {¶ 5} This court found Taylor's motion to reopen well-taken as to the ineffective assistance of counsel claim, ordered the appeal reopened, and assigned counsel to Taylor. On October 5, 2001, this court issued its decision in the reopened appeal. SeeState v. Taylor (Oct. 5, 2001), 6th Dist. No. L-98-1375. There, this court found that Taylor's speedy trial rights had been violated with respect to the drug charges (but not with respect to the witness intimidation charge). We further found that "[b]ecause [Taylor] was clearly prejudiced, he did not receive effective assistance of appellate counsel when appellate counsel failed to transmit the portions of the record necessary to allow us to consider the speedy trial claim in the original appeal."
 {¶ 6} On October 4, 2002, Taylor filed his complaint in the instant action alleging that Oglesby's handling of the above-described criminal matters amounted to legal malpractice. On February 12, 2003, Oglesby filed a motion for summary judgment and motion to dismiss arguing that Taylor's complaint was filed outside the applicable statute of limitations. Following hearing on the matter, on July 24, 2003, the trial court found that Taylor's action was timely filed and denied both motions.
 {¶ 7} In an opinion and judgment entry filed on April 2, 2004, the trial court granted summary judgment in favor of Taylor on the issue of liability only. A jury trial was held on the issue of damages, and on February 23, 2006, the trial court entered judgment for Taylor in the amount of $5,000. Oglesby timely appealed the judgment, setting forth the following assignments of error:[1]
 {¶ 8} I. "THE TRIAL COURT LACKED JURISDICTION WHEN THE STATUTE OF LIMITATIONS EXPIRES [sic] AND THE COURT ERRED BY NOT GRANTING THE DEFENDANT'S MOTION TO DISMISS."
 {¶ 9} II. "THE TRIAL COURT ERRED BY PARTIALLY GRANTING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WHEN THERE WAS A GENUINE ISSUE OF MATERIAL FACT."
 {¶ 10} In his first assignment of error, Oglesby argues that because Taylor's complaint was filed outside the applicable limitations period, the trial court erred denying his motion to dismiss.
 {¶ 11} An action for legal malpractice must be commenced within one year after the cause of action accrues. R.C.2305.11(A). The question of when a cause of action for legal malpractice accrues is a question of law reviewed de novo by an appellate court. Whitaker v. Kear (1997), 123 Ohio App.3d 413,420. "An action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." Zimmie v. Calfee, Halter Griswold (1989),43 Ohio St.3d 54, syllabus. A "cognizable event" is an event that "puts a reasonable person on notice that a questionable legal practice may have occurred." Id., at 58.
 {¶ 12} In the instant case, it cannot seriously be disputed that the attorney-client relationship between Taylor and Oglesby ended on April 12, 2000, when Taylor, through his new counsel, filed the motion to reopen the appeal in his criminal case based on the claim that Taylor had been denied effective assistance of counsel.
 {¶ 13} The cognizable event was found by the trial court to have occurred on or about October 5, 2001, when this court issued its decision in Taylor's reopened appeal. Specifically, the trial court stated: "The Court finds the cognizable event is the opinion of the Court of Appeals dated October 5, 2001, and the short time period anywhere from a week to a week and a half that * * * was provided to Mr. Taylor that gives rise to these claims for malpractice, and that's the date that we'll use." We disagree with this finding.
 {¶ 14} Under the facts of this case, a cognizable event occurred at the latest on April 12, 2000, when Taylor, through new counsel, filed his motion to reopen his appeal. The motion specifically alleged that counsel, both at trial and on appeal, was ineffective with respect to the handling of this speedy trial claim. At that time, Taylor was put on notice of a possible legal malpractice claim against Oglesby. Cf. Gullatte v. Rion (2000),145 Ohio App.3d 620 (finding that cognizable event occurred upon plaintiff's filing of pro se motion for relief from judgment, where motion alleged that counsel was ineffective in providing erroneous advice concerning plaintiff's eligibility for shock probation).
 {¶ 15} Since the termination of the attorney-client relationship and the cognizable event both occurred at the latest on April 12, 2000, we find that Taylor's complaint, filed on October 4, 2002 was filed well beyond the one-year statute of limitations applicable to legal malpractice actions. Accordingly, Oglesby's first assignment of error is found well-taken.
 {¶ 16} In light of our determination with respect to Oglesby's first assignment of error, we find the second assignment of error, concerning the issue of summary judgment, is moot.
 {¶ 17} Accordingly, the judgment of the Lucas County Court of Common Pleas is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J., Concur.
[1] Oglesby's appeal was timely filed pursuant to App.R. 4(A). Under App.R. 4(A), "[a] notice of appeal filed after the announcement of a decision, order, or sentence but before entry of the judgment or order that begins the running of the appeal time period is treated as filed immediately after the entry."