[Cite as *Huber v. Mues*, 2012-Ohio-2540.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

JOSEPH HUBER                                    :
                                               :      Appellate Case No. 2011-CA-75
          Plaintiff-Appellant                  :
                                               :      Trial Court Case No. 11-CV-497
v.                                             :
                                               :
ROBERT L. MUES                                 :      (Civil Appeal from
                                               :       Common Pleas Court)
          Defendant-Appellee                   :
                                               :

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of June, 2012.

. . . . . . . . . . .

JOSEPH W. HUBER, #518-135, Chillicothe Correctional Institution, Post Office Box 5500, Chillicothe, Ohio 45601
          Plaintiff-Appellant, *pro se*

TIMOTHY T. BRICK Atty. Reg. #0040526, and JAMIE PRICE, Atty. Reg. #0084178, 1501 Euclid Avenue, 6th Floor Bulkley Building, Cleveland, Ohio 44115
          Attorneys for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1}     Joseph Huber appeals pro se from the trial court's entry of summary judgment against him on his legal-malpractice complaint against the appellee, Robert Mues.

{¶ 2}     In his sole assignment of error, Huber contends "the trial court denied him his

constitutional rights under the First and Fourteenth Amendments to the United States Constitutions when it (1) entered judgment against appellant which was contrary to law, and t[he] manifest weight of the evidence, (2) when it entered judgment without providing either party findings of facts, and conclusions of law in support of said judgment, thus denying appellant fair appellate review."

{¶ 3} The record reflects that Mues represented Huber in two criminal cases. In the first case, Huber received an eighteen-year sentence for drug-related convictions ("*Huber I*"). In the second case, Huber received an eight-year sentence for aggravated drug possession based on his possession of 26 fentanyl patches ("*Huber II*"). The trial court ordered the eight-year sentence in *Huber II* to be served concurrently with the 18-year sentence in *Huber I*.

{¶ 4} On June 19, 2009, Huber filed an application to reopen his appeal in *Huber II*. He alleged ineffective assistance of appellate counsel based on Mues's failure to argue that the State presented insufficient evidence to prove the bulk amount of fentanyl. This court sustained the application for reopening and appointed new appellate counsel. We later vacated the prior judgment, reversed the conviction in *Huber II*, and remanded for the trial court to enter a finding of guilt without the bulk amount. The trial court complied with this court's mandate, found Huber guilty of a fifth-degree felony, and imposed a one-year prison sentence. Once again, it ordered the sentence to be served concurrently with the 18-year sentence in *Huber I*.

{¶ 5} Huber filed the present lawsuit against Mues on May 23, 2011. His pro se complaint alleges that Mues provided ineffective assistance in *Huber II* by failing to raise the bulk-amount issue. Huber sought a $500,000 judgment against Mues for damages attributable

to Mues's representation. Mues answered and moved for summary judgment. He argued that Huber's complaint alleged legal malpractice, that it was time barred, and that Huber suffered no damages proximately caused by his representation.

{¶ 6} The trial court sustained Mues's motion on September 22, 2011. In a one-page ruling, the trial court adopted the reasoning in Mues's memorandum, found Huber's claim time barred, and found no damages proximately caused by the alleged malpractice. This appeal followed.

{¶ 7} As articulated in his appellate brief, Huber's assignment of error raises two issues for our review. First, he contends the trial court erred in failing to provide findings of fact or conclusions of law. Second, he claims the trial court erred in applying the one-year statute of limitation for a legal malpractice claim rather than a longer limitation period for ordinary negligence.

{¶ 8} Upon review, we find no merit in either argument. "[I]t is well settled in Ohio that a trial court is not required to issue a written opinion containing findings of fact and conclusions of law when ruling on a motion for summary judgment." *Solomon v. Harwood*, 8th Dist. Cuyahoga No. 96256, 2011-Ohio-5268, ¶ 61; *Portfolio Recovery Assoc., L.L.C. v. Dahlin*, 5th Dist. Knox No. 10-CA-000020, 2011-Ohio-4436, ¶ 57 ("Civ. R. 52 provides that trial courts are not required to make findings of fact in ruling on a motion for summary judgment."); *Butler Cty. Joint Vocational School Dist. Bd. of Edn. v. Andrews*, 12th Dist. Butler No. CA2006-10-245, 2007-Ohio-5896, ¶ 49 ("Generally, a clear and concise pronouncement of summary judgment is sufficient and a trial court is not required to issue a written opinion containing findings of fact and conclusions of law.").

**{¶ 9}** In the present case, the trial court adopted the reasoning in Mues's memorandum and found summary judgment appropriate for two reasons: (1) Huber's claim was time barred and (2) Huber did not suffer any damages as a result of the alleged malpractice. These findings are sufficient to facilitate appellate review, and no additional findings or conclusions were required.

**{¶ 10}** We are equally unpersuaded by Huber's argument regarding the statute of limitation. Our reading of Huber's complaint persuades us that it sounds in legal malpractice. Claims arising out of an attorney's representation are legal malpractice claims regardless of how they are pled. *Katz, Teller, Brant & Hild, L.P.A. v. Farra*, 2d Dist. Montgomery No. 24093, 2011-Ohio-1985, ¶ 13. Therefore, Huber cannot avoid the statute of limitation by characterizing his claim as alleging ordinary negligence.

**{¶ 11}** The statute of limitation for legal malpractice is one year from when the client discovers or should have discovered that his injury is related to his attorney's representation or when the attorney-client relationship terminates, whichever is later. *Id.* at ¶ 15. Here Huber necessarily knew of the alleged malpractice by June 19, 2009, when he sought to reopen his appeal in *Huber II* on the basis that Mues had provided ineffective assistance. *Taylor v. Oglesby*, 6th Dist. Lucas No. L-05-1064, 2006-Ohio-1225, ¶ 14 ("Under the facts of this case, a cognizable event occurred at the latest on April 12, 2000, when Taylor, through new counsel, filed his motion to reopen his appeal. The motion specifically alleged that counsel, both at trial and on appeal, was ineffective with respect to the handling of this speedy trial claim. At that time, Taylor was put on notice of a possible legal malpractice claim against Oglesby.")*; Gullatte v. Rion*, 145 Ohio App.3d 620, 625, 763 N.E.2d 1215, 1218 (2d

Dist.2000) ("[A] cognizable event occurred at the latest on April 11, 1996, when Gullatte filed his pro se motion for relief after judgment. The motion alleged, *inter alia*, that trial counsel was ineffective for advising him that he was eligible for shock probation. At that date, appellants were put on notice of a possible legal malpractice claim against appellees.").

{¶ 12} Assuming, arguendo, that the attorney-client relationship did not terminate when Huber applied to reopen his appeal in *Huber II*, that relationship necessarily terminated on November 2, 2009, when this court appointed new counsel for Huber in the reopened appeal. There fore, the statute of limitation on his legal-malpractice claim expired no later than November 2, 2010. Huber did not file the present lawsuit until May 23, 2011, well beyond the one-year time limit. Consequently, the trial court properly found Huber's claim time barred.

{¶ 13} In light of the foregoing conclusion, we need not address the trial court's alternative finding that Huber cannot establish any damages proximately caused by Mues's representation. Huber's assignment of error is overruled, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.

Copies mailed to:

Joseph Huber
Timothy Brick
Jamie Price
Hon. Douglas Rastatter